IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MALAMIN KASSAMA,

           **Plaintiff,**

v.

MICHAEL CHERTOFF, Secretary of the Department of Homeland Security,
MICHAEL MUKASEY, United States Attorney General,
District Director, USCIS, Atlanta Office,

           **Defendants.**

1:08-cv-0860-WSD

## OPINION AND ORDER

Plaintiff Malamin Kassama ("Plaintiff") brought this action seeking a writ of mandamus to compel the Defendants to adjudicate his Form I-485 application for lawful permanent residence filed with the United States Citizenship and Immigration Services ("USCIS"). Plaintiff alleges he filed his I-485 application on September 19, 2002. Compl. ¶ 1. Plaintiff filed this action on March 10, 2008. Plaintiff alleges in his Complaint that the application has not been adjudicated, amounting to an action unlawfully withheld or unreasonably delayed within the

meaning of 5 U.S.C. § 704.  Plaintiff contends this Court has jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331, 1361.

On May 1, 2008, the Defendants moved to dismiss this action for lack of subject matter jurisdiction [4].  Fed. R. Civ. P. 12(b)(1).  Defendants contend Plaintiff's claims are moot because his I-485 application was approved on April 28, 2008.  Defs.' Mot. to Dismiss [4] at Exh. 1.  Plaintiff has not responded to this motion to dismiss, and the Court deems the motion unopposed.  LR 7.1B, NDGa.

The federal courts lack subject matter jurisdiction to decide moot questions because federal courts are empowered to decide only "cases or controversies" within the meaning of Article III of the United States Constitution.  <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.").  In order for the Court to have subject matter jurisdiction, a real case or controversy must exist at all stages throughout the litigation.  <u>Chiles v. Thornburgh</u>, 865 F.2d 1197, 1202 (11th Cir. 1989).  Federal courts specifically lack subject matter jurisdiction where intervening events in an action render the claims moot.  <u>United States v. Shenberg</u>, 90 F.3d 438, 440 (11th Cir. 1996).  A limited exception to the mootness doctrine allows federal courts to adjudicate actions "capable of repetition, yet

evading review." Preiser, 422 U.S. at 403.  Suits for prospective relief may go forward even if the underlying injury has been abated only if: (1) the challenged action is too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subject to the same action again.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 481 (1990) (citing Murphy v. Hunt, 455 U.S. 478, 482 (1982)).

The challenged action underlying the Plaintiff's claims – the adjudication of his I-485 application – has been completed and thus cannot be decided through this lawsuit.  Plaintiff's claims do not meet the requirements of the "capable of repetition, yet evading review" exception because there is no expectation that this same Plaintiff could be subject to the same delay in adjudication of an I-485 application again.  Accordingly, the Plaintiff's claims are moot, and the Court lacks subject matter jurisdiction over the case.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss [4] is **GRANTED**.

**SO ORDERED** this 27th day of May 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE